IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILLIP S. DUNN,

Plaintiff,

OPINION AND ORDER

15-cv-430-bbc

v.

ELLIOT LEVINE, JESSICA SKEMP, RONALD TISCHER, PATRICIA O'NEIL, RYAN SECORD, ANDREW DITTMAN, SHAWN KUDRON, DAN ULRICH, NATHAN POKE and THE CITY OF LA CROSSE, WISCONSIN,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Phillip Dunn has filed a complaint in which he alleges that various public officials violated his constitutional rights in various ways in 2014. Because plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, I must screen his complaint to determine whether it states a claim upon which relief may be granted. For the reasons discussed below, I cannot allow plaintiff to proceed on any of his claims at this time. However, I will allow plaintiff to file an amended complaint to address problems in the complaint that can be cured.

Most of plaintiff's allegations seem to arise out of state criminal proceedings, though he does not describe those proceedings and he provides little context for any of his allegations. First, plaintiff alleges that his state public defender, defendant Patricia O'Neil,

failed to argue an issue about sentence credit. Plaintiff does not explain why he believes he was entitled to more sentence credit, but even if I overlook the lack of detail, this claim has more fundamental problems. First, the general rule is that a challenge to the validity of a prisoner's sentence cannot be brought in a civil case under 42 U.S.C. § 1983. Matz v. Klotka, 769 F.3d 517, 530-31 (7th Cir. 2014) ("[The plaintiff] cannot pursue a § 1983 claim for damages . . . because success on his claim would call into question his sentence."); Helman v. Duhaime, 742 F.3d 760, 762 (7th Cir. 2014) ("[A] district court must dismiss a § 1983 action if a judgment in favor of the plaintiff in that § 1983 action would necessarily imply the invalidity of his criminal conviction or sentence."). Rather, the prisoner must first use other means to overturn the sentence, such as a petition for a writ of habeas corpus. Rodriguez v. Cook County, Illinois, 664 F.3d 627, 630 (7th Cir. 2011). Second, even if I assume that plaintiff is entitled to an exception to that rule because he was not incarcerated long enough to bring a habeas petition, Burd v. Sessler, 702 F.3d 429, 435 (7th Cir. 2012), it is well established that a client cannot sue a public defender for alleged constitutional violations. Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). This is because civil actions under the Constitution are limited to defendants acting "under color of law," which means they are representing the government. Public defenders are representing their clients *against* the government, so they are not acting "under color of law." Id. at 318-19.

Next, plaintiff alleges that a state court judge, defendant Elliot Levine, denied his request for a sentence modification. This is another challenge to the sentence plaintiff received, so it again raises the question whether plaintiff can bring this claim under § 1983

rather than a petition for a writ of habeas corpus. In any event, judges such as defendant Levine cannot be sued under § 1983 for actions they take in a judicial capacity. Coleman v. Dunlap, 695 F.3d 650, 652 (7th Cir. 2012). If plaintiff did not like a ruling from the state court, his remedy was to file an appeal.

Plaintiff's only allegation against defendant Jessica Skemp, a state prosecutor, is that Skemp "admitt[ed] she should never have filed the criminal complaint in my case." Again, plaintiff provides no context for this allegation. Regardless, like judges, prosecutors cannot be sued for official actions such as a charging decisions, Lewis v. Mills, 677 F.3d 324, 330 (7th Cir. 2012), so this claim must be dismissed as well.

The remaining individual defendants are identified by plaintiff as employees of the La Crosse police department. Plaintiff says that defendant Ronald Tischer is the chief of police; defendants Andrew Ditrtman and Ryan Secord are "investigators" for the police department; and defendants Shawn Kudron, Dan Ulrich and Nathan Poke are police officers. (Plaintiff includes "Tony Delap" in the list of police officers as well, but he did not include Delap in the caption of his complaint, so I cannot consider Delap as a defendant. Myles v. United States, 416 F.3d 551, 551 (7th Cir 2005) ("[T]o make someone a party the plaintiff must specify him in the caption.").)

Plaintiff does not mention most of these officers in the body of his complaint. He alleges generally that "police officers" entered his home without his consent on October 28, 2014, but he does not identify any particular police officer or explain what they did. He alleges that defendant Secord admitted at a hearing later that the officers did not have

permission to enter plaintiff's home, but he does not say whether Secord participated in the search. Later in his complaint, plaintiff alleges that "two of the officers who illegally searched . . . my residence" conducted an unlawful traffic stop against plaintiff in December 2014. Again, however, plaintiff does not identify those officers by name. Without that information, I cannot allow plaintiff to proceed on claims against any of the officers. Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008) (plaintiffs may not rely on "[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct").

Finally, plaintiff alleges that the City of La Crosse should be held liable for "negligent supervision" and a "pattern[] and practice[]" of violating constitutional rights. However, the city cannot be held liable for negligent conduct under § 1983. Rather, the city must have its own unconstitutional policy or custom. King v. Kramer, 763 F.3d 635, 649 (7th Cir. 2014). Although a pattern of unconstitutional conduct can provide grounds for inferring that the city had an unconstitutional policy, Shields v. Illinois Dept. of Corrections, 746 F.3d 782, 796 (7th Cir. 2014), plaintiff does not provide any details about the alleged pattern, so he has not given defendants sufficient notice of this claim. A bare allegation that defendants violated his rights on multiple occasions is not sufficient. Grieveson, 538 F.3d at 774-75.

Plaintiff's claims against defendants O'Neil, Levine and Skemp cannot succeed under any circumstances in the context of this case, so I am dismissing the complaint as to those claims with prejudice. (The phrase "with prejudice" means that plaintiff may not raise those

same claims again in this lawsuit or any other.) However, I am giving plaintiff an opportunity to amend his complaint regarding his claims against the police officers and the city. If plaintiff chooses to file an amended complaint, he should include the following information:

- the names of the police officers who were involved in each alleged violation of his rights;
- the particular conduct of each of the police officers who allegedly violated his rights;
- all the conduct that plaintiff believes is part of a city policy that violates the Constitution.

Plaintiff is reminded that all defendants must be included in the caption of the complaint.

I must address one final matter. When plaintiff filed this lawsuit, he listed a private residence as his address. However, in a letter the court received on July 22, 2015, plaintiff says that he is now in the county jail because of a "child support warrant." Dkt. #4. At the end of the letter, he asks for "a delay in any decisions until . . . I am released," but he does not say when that may occur.

It is not this court's general practice to stay a case for an indefinite period of time. In any event, many pro se parties litigate cases while they are incarcerated and I see no reason why plaintiff cannot do the same. Although he says that he does not have his "paper work" related to this case, plaintiff should not need any documents to prepare an amended

complaint. At this stage of the proceedings, plaintiff is not required to make a legal argument or present evidence. All he needs to do is describe with more detail what happened to him, which is information he should already know. Accordingly, I decline to stay the case at this time. Of course, if plaintiff does not want to litigate this case now, he is free to dismiss his remaining claims without prejudice under Fed. R. Civ. P. 41 and file a new lawsuit at a later date, so long as he complies with the applicable statute of limitations.

## ORDER

IT IS ORDERED that

1. Plaintiff Phillip Dunn's complaint is DISMISSED WITH PREJUDICE with respect to his claims against defendants Elliot Levine, Jessica Skemp and Patricia O'Neil.

2. Plaintiff's claims against defendants Ronald Tischer, Patricia O'Neil, Ryan Secord, Andrew Dittman, Shawn Kudron, Dan Ulrich, Nathan Poke and the City of La Crosse are DISMISSED WITHOUT PREJUDICE. Plaintiff may have until August 20, 2015, to file an amended complaint with respect to his claims against these defendants.

3. If plaintiff chooses to file an amended complaint, he should include the additional information described in this order. If plaintiff does not respond by August 20, 2015, I will dismiss the remaining claims with prejudice and direct the clerk of court to close this case.

4. Plaintiff's request to stay the case, dkt. #4, is DENIED.

Entered this 30th day of July, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge