IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILLIP S. DUNN,

                              Plaintiff,

    v.

RYAN SECORD, SHAWN KUDRON,
DAN ULRICH and NATHAN POKE,

                              Defendants.

ORDER

15-cv-430-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILLIP S. DUNN,

                              Petitioner,

    v.

STATE OF WISCONSIN,

                              Respondent.

ORDER

16-cv-224-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Phillip Dunn has filed two motions. The first is an ex parte document in which he asks to stay both cases for three to six months. (Because Dunn does not explain why he filed the motion ex parte and I see no basis for him to do so, I am directing the clerk of court to unseal the motion.) The second is a motion for an extension of time to respond to the motion for summary judgment filed by defendants in case no. 15-cv-430-bbc.

      Dunn's motion to stay is moot with respect to case no. 16-cv-224-bbc. In an order

dated June 6, 2016, before the court received Dunn's motion to stay on June 8, 2016, I denied Dunn's petition for a writ of habeas corpus on the ground that it was clear from the face of the petition that Dunn was not entitled to relief. Dunn says that he wants to stay case no. 16-cv-224-bbc so that he has more time to obtain evidence to challenge his underlying conviction. However, the problem with Dunn's petition was not a lack of evidence. Rather, I concluded that his claim had no legal merit.

With respect to case no. 15-cv-430-bbc, this is the third time that Dunn has requested a stay. I see nothing in his new motion that requires a different result this time. Again, Dunn's primary reason for requesting a stay is that he is incarcerated. However, as I told Dunn in previous orders, his status as an incarcerated person does not entitle him to a stay. If Dunn believed that his confinement made it too difficult for him to litigate, his remedy was to seek a dismissal without prejudice during the early stages of the case. Fed. R. Civ. P. 41. Now that defendants have filed a motion for summary judgment and devoted a significant amount of resources to the case, Dunn must bring the case to resolution. In any event, Dunn provides no reason to believe that he will be in a better position to litigate his case in three to six months.

Dunn says that he has lost evidence that would support his claims and that his incarceration limits his ability to find that evidence. However, Dunn does not identify with any specificity what that evidence is, explain how the evidence would help him or explain how he would find that evidence when he is released. Dunn also says that, while he is incarcerated, he does not have access to a storage unit that contains "statutes, case law,

policies and procedures of the La Crosse Police Department." However, Dunn does not explain why he cannot get statutes and case law from the jail law library and why he could not obtain any relevant policies and procedures from defendants in discovery. In sum, Dunn still has not made a persuasive showing that he is entitled to a lengthy stay.

In the alternative, Dunn asks to extend his deadline for responding to defendants' motion for summary judgment from July 1, 2016, to July 5, 2016. Because there is room in the schedule for a short extension, I will grant Dunn's request. However, he should not expect to receive any additional extensions.

ORDER

IT IS ORDERED that Phillip Dunn's motion to stay case no. 15-cv-430-bbc and 16-cv-224-bbc is DENIED. Dunn's alternative request to extend his summary judgment deadline to July 5, 2016, is GRANTED. The clerk of court is directed to UNSEAL Dunn's motion to stay.

Entered this 13th day of June, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge